UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SCOTTRADE, INC.,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff JOAO BOCK TRANSACTION SYSTEMS, LLC ("Plaintiff" or "JBTS"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant SCOTTRADE, INC. ("Defendant" or "Scottrade") as follows:

**NATURE OF THE ACTION**

1.　This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,047,270 entitled "*Apparatus and Method for Providing Account Security*" (hereinafter, the "'270 patent"), United States Patent No. 6,529,725 entitled "*Transaction Security Apparatus And Method*" (hereinafter, the "'725 patent"); and United States Patent No. 7,096,003 entitled

"*Transaction Security Apparatus*" (hereinafter, the "'003 patent") (collectively referred to as the "Patents-in-Suit"). Copies of the Patents-in-Suit are attached hereto as Exhibits A, B, and C, respectively. Plaintiff is the exclusive owner of the Patents-in-Suit with respect to the Defendant. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. JBTS is a limited liability company organized under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 116 Sweetfield Circle, Yonkers, New York 10704. JBTS is the exclusive owner of the Patents-in-Suit and all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, Scottrade is, and at all relevant times mentioned herein was, a corporation duly organized and existing under the laws of Arizona, having its principal place of business located at 700 Maryville Centre Drive, St. Louis, Missouri 63141. Upon information and belief, Scottrade is actively registered as a foreign corporation with the Georgia Secretary of State and

may be served with process by serving its registered agent in this District, Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, Georgia 30092. Upon information and belief, Scottrade does business through its website, www.scottrade.com, which is accused of infringing the Patents-in-Suit.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Georgia and the Northern District of Georgia; Defendant has purposefully availed itself of the privileges of conducting business in the State of Georgia and in the Northern District of Georgia; Defendant has sought protection and benefit from the laws of the State of Georgia; Defendant regularly conducts business within the State of Georgia and within the Northern District of Georgia; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Georgia and in the Northern District of Georgia.

6. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Georgia, and the Northern District of Georgia. Upon information and belief, Defendant and/or its customers have committed patent infringement in the State of Georgia and in the Northern District of Georgia. Defendant solicits customers in the State of Georgia and in the Northern District of Georgia. Defendant has many paying customers who are residents of the State of Georgia and the Northern District of Georgia and who use Defendant's products and services in the State of Georgia and in the Northern District of Georgia.

7. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 6,047,270

8. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 7 above.

9. The '270 patent was duly and legally issued by the United States Patent and Trademark Office on April 4, 2000 after full and fair examination to the inventors Raymond Anthony Joao and Robert Richard Bock, who assigned all rights, title and interest in and to the '270 patent to Plaintiff. Plaintiff is the

exclusive owner of the '270 patent and all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the '270 patent, the right to sublicense the '270 patent, and to sue the Defendant for infringement and recover past damages.

10. Plaintiff is informed and believes that Defendant owns, operates, advertises, and controls its website, www.scottrade.com, that infringes the '270 patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '270 patent by making, using, and providing a remote ordering terminal, associated with Defendant and its brokerage services such as but not limited to its "Scottrade Trading Website," that uses a computer system on a computer network that receives instructions from business customers, wherein the instructions limit or restrict authorized users' use of a brokerage account. These limitations are stored in the memory of Defendant's computer system, and accessed by a processor when the processor processes a transaction or attempted transaction on the account by an authorized user. The processor of Defendant's computer system generates a signal for approving or disapproving the transaction. Defendant's processor also generates a signal for notifying the account owner of a transaction on the account.

11. Upon information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '270 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its brokerage services, such as but not limited to its "Scottrade Trading Website," having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers.  Defendant has had knowledge of the '270 patent since commencement of this action at least.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the accused products in such a way that infringes the '270 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '270 patent and knew and/or knows that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

12. Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '270 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and

otherwise caused its customers to use its brokerage services, such as but not limited to its "Scottrade Trading Website," having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and selling (directly or through intermediaries), to its customers, its brokerage services covered by the '270 patent that constitute a material part of the invention, and that its customers have utilized said services in a manner that infringes one or more claims of the '270 patent.  Defendant has had knowledge of the '270 patent since commencement of this action at least.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the accused products in such a way that infringes the '270 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '270 patent, and knew and/or knows that its brokerage services are especially made and/or adapted for user(s) to infringe one or more claims of the '270 patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

13.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14.    Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount

subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Defendant's infringement of Plaintiff's exclusive rights under the '270 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 6,529,725

16. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 7 above.

17. The '725 patent was duly and legally issued by the United States Patent and Trademark Office on March 4, 2003 after full and fair examination to the inventors Raymond Anthony Joao and Robert Richard Bock, who assigned all rights, title and interest in and to the '725 patent to Plaintiff. Plaintiff is the exclusive owner of the '725 patent and all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the '725 patent, the right to sublicense the '725 patent, and to sue the Defendant for infringement and recover past damages.

18. Plaintiff is informed and believes that Defendant owns, operates, advertises, and controls its website, www.scottrade.com, that infringes the '725

patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '725 patent by making, using, and providing a remote ordering terminal, associated with Defendant and its brokerage services such as but not limited to its "Scottrade Trading Website," that uses a computer system on a computer network that receives instructions from business customers, wherein the instructions limit or restrict authorized users' use of a brokerage account. These limitations are stored in the memory of Defendant's computer system, and accessed by a processor when the processor processes a transaction or attempted transaction on the account by an authorized user. The processor of Defendant's computer system generates a signal for approving or disapproving the transaction. Defendant's processor also generates a signal for notifying the account owner of a transaction on the account.

19. Upon information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '725 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its brokerage services, such as but not limited to its "Scottrade Trading Website," having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had

knowledge of the '725 patent since commencement of this action at least. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the accused products in such a way that infringes the '725 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '725 patent and knew and/or knows that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

20. Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '725 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its brokerage services, such as but not limited to its "Scottrade Trading Website," having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and selling (directly or through intermediaries), to its customers, its brokerage services covered by the '725 patent that constitute a material part of the invention, and that its customers have utilized said services in a manner that infringes one or more claims of the '725 patent. Defendant has had knowledge of

the '725 patent since commencement of this action at least. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the accused products in such a way that infringes the '725 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '725 patent, and knew and/or knows that its brokerage services are especially made and/or adapted for user(s) to infringe one or more claims of the '725 patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

21. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

22. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23. Defendant's infringement of Plaintiff's exclusive rights under the '725 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 7,096,003

24. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 7 above.

25. The '003 patent was duly and legally issued by the United States Patent and Trademark Office on August 22, 2006 after full and fair examination to the inventors Raymond Anthony Joao and Robert Richard Bock, who assigned all rights, title and interest in and to the '725 patent to Plaintiff.  Plaintiff is the exclusive owner of the '003 patent and all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the '003 patent, the right to sublicense the '003 patent, and to sue the Defendant for infringement and recover past damages.

26. Plaintiff is informed and believes that Defendant owns, operates, advertises, and controls its website, www.scottrade.com, that infringes the '003 patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '003 patent by making, using, and providing a remote ordering terminal, associated with Defendant and its brokerage services such as but not limited to its "Scottrade Trading Website," that uses a computer system on a computer network that

receives instructions from business customers, wherein the instructions limit or restrict authorized users' use of a brokerage account. These limitations are stored in the memory of Defendant's computer system, and accessed by a processor when the processor processes a transaction or attempted transaction on the account by an authorized user. The processor of Defendant's computer system generates a signal for approving or disapproving the transaction. Defendant's processor also generates a signal for notifying the account owner of a transaction on the account.

27. Upon information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '003 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its brokerage services, such as but not limited to its "Scottrade Trading Website," having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had knowledge of the '003 patent since commencement of this action at least. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the accused products in such a way that infringes the '003 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '003 patent and knew and/or

knows that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

28.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '003 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its brokerage services, such as but not limited to its "Scottrade Trading Website," having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and selling (directly or through intermediaries), to its customers, its brokerage services covered by the '003 patent that constitute a material part of the invention, and that its customers have utilized said services in a manner that infringes one or more claims of the '003 patent.  Defendant has had knowledge of the '003 patent since commencement of this action at least.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the accused products in such a way that infringes the '003 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '003 patent, and knew and/or knows that

its brokerage services are especially made and/or adapted for user(s) to infringe one or more claims of the '003 patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

29.  Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

30.  Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.  Defendant's infringement of Plaintiff's exclusive rights under the '003 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

32.  Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

33.  Plaintiff respectfully requests the following relief:

   A. An adjudication that at least one of the claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that at least one of the claims of the Patents-in-Suit has been infringed by customers of the Defendant, said customers having been induced to infringe by the intentional actions of the Defendant;

C. An adjudication that at least one of the claims of the Patents-in-Suit has been infringed by customers of the Defendant, said infringement having been contributed to by the intentional actions of the Defendant;

D. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest pursuant to 35 U.S.C. § 284;

E. A grant of a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patent-in-Suit;

F. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G. Any further relief that this Court deems just and proper.

Respectfully submitted this 17th day of August, 2012.

   /s/ *Jonathan R. Miller*
Jonathan R. Miller, Esq. Georgia Bar No. 507179
**HENINGER GARRISON DAVIS, LLC**
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia  30339
Telephone: (404) 996-0863
Facsimile: (205) 547-5506
Email: jmiller@hgdlawfirm.com

Douglas L. Bridges, Esq., Georgia Bar No. 080889
**HENINGER GARRISON DAVIS, LLC**
169 Dauphin Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 298-8701
Facsimile: (205) 547-5504
Email: dbridges@hgdlawfirm.com

Steven W. Ritcheson, Esq. (*pro hac vice* anticipated)
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: switcheson@hgdlawfirm.com

*Attorneys for Plaintiff:*
*JOAO BOCK TRANSACTION SYSTEMS, LLC*