IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:12-CV-2858-RWS |
| v. | : : | |
| SCOTTRADE, INC., | : | |
| Defendant. | : | |

## **ORDER**

Plaintiff, a limited liability company organized under the laws of the State of Delaware that maintains its principal place of business in Yonkers, New York, filed this patent infringement action against Defendant, which is an Arizona corporation with its principal place of business in St. Louis, Missouri. Defendant has now filed a motion to transfer the case to the Eastern District of Missouri. [Doc. 22]. In its motion, Defendant points out that its contacts in Georgia are limited and the evidence and witnesses in this case are located in St. Louis.

The Eleventh Circuit considers the following nine factors in deciding a motion to transfer:

> (i) the convenience of the witnesses; (ii) the location of relevant documents and the relative ease of access to sources of proof; (iii) the convenience of the parties; (iv) the locus of operative facts; (v) the availability of process to compel the attendance of unwilling witnesses; (vi) the relative means of the parties; (vii) a forum's familiarity with the governing law; (viii) the weight accorded a Plaintiff's choice of forum;

and (ix) trial efficiency and the interests of justice, based on the totality
of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

The eighth factor is entitled to little weight given Plaintiff's lack of connections to this district. The first, second and fourth factors weigh heavily in favor of transferring the case, and the remainder either slightly favor transfer or are neutral. This Court further notes that it agrees with the notion, voiced by several courts, that the preferred forum in patent cases is the defendant's place of business. Proven Winners N. Am., LLC v. Cascade Greenhouse, 2007 WL 1655387 at *2 (M.D. Fla. 2007); see, e.g., Lencco Racing Co. v. Arcto, Inc., 953 F. Supp. 69, 71 (W.D.N.Y. 1997) (finding that the "preferred forum" for infringement claims is the district where defendant committed the allegedly infringing acts and where its business records are located) (collecting cases); B & B Hardware, Inc. v. Hargis Industries, Inc., 2006 WL 4568798 at *4 (C.D. Cal. 2006); Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp., 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002); S.C. Johnson & Son, Inc. v. Gillette Co., 571 F. Supp. 1185, 1187-88 (N.D. Ill. 1983).

The only argument that the Plaintiff makes for keeping the case here is that it has filed two other cases here alleging infringement of the same patents. However, Judges Thrash and Totenburg have already transferred those cases to the Northern

District of California and the Northern District of Illinois, respectively.  As such, keeping the case in this Court will result in no savings of judicial resources.

Accordingly, as this Court concludes that transfer is appropriate, it is hereby **ORDERED** that the Defendant's motion to transfer the instant action to the Eastern District of Missouri, [Doc. 22], is **GRANTED**.  Defendant's motion to dismiss, [Doc. 19], is **DENIED** without prejudice to Defendant's reasserting that motion in the Missouri court.

**IT IS SO ORDERED,** this   1st   day of July, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)